1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

Case No. 1:14-CV-03110-VEB

OLIVER F. FORCIER, SR.,

                        Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                       Defendant.

REPORT AND RECOMMENDATION

## I. INTRODUCTION

In February of 2011, Plaintiff Oliver Forcier, Sr. applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

Plaintiff, represented by Thomas Andrew Bothwell, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

On June 23, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 19).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for disability insurance benefits on February 24, 2011, alleging an onset date of May 15, 2008. (T at 140-46).[1]   The application was denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").   On September 13, 2012, a hearing was held before ALJ Virginia Robinson. (T at 27).   Plaintiff appeared with an attorney and testified. (T at 34-56). The ALJ also received testimony from Trevor Duncan, a vocational expert (T at 56-70).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 10.

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

On February 1, 2013, the ALJ issued a written decision denying the application and finding that Plaintiff was not entitled to benefits.  (T at 9-26).  The ALJ's decision became the Commissioner's final decision on June 9, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On August 6, 2014, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 3). The Commissioner interposed an Answer on November 25, 2014. (Docket No. 10).

Plaintiff filed a motion for summary judgment on March 2, 2015. (Docket No. 13).  The Commissioner filed a response to Plaintiff's motion on May 15, 2015. (Docket No. 17).  Plaintiff filed a reply brief on May 29, 2015. (Docket No. 18).

For the reasons set forth below, it is recommended that the Commissioner's motion be granted, Plaintiff's motion be denied, and this case be closed.

## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).                    The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).                    If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work then he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

gainful activity and (2)  a "significant number of jobs exist in the national economy"

that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's

decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made

through an ALJ, when the determination is not based on legal error and is supported

by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985);

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]

determination that a plaintiff is not disabled will be upheld if the findings of fact are

supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

*Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

Substantial evidence "means such evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

(1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]

may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348

F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole,

not just the evidence supporting the decision of the Commissioner. *Weetman v.*

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

*Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.    Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 15, 2008 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2013. (T at 14).  The ALJ found that Plaintiff's degenerative disc disease of the cervical and lumbar spine

with L4-L5 stenosis, depressive disorder (not otherwise specified), and cognitive

disorder (not otherwise specified) were "severe" impairments under the Act. (Tr. 14).

However, the ALJ concluded that Plaintiff did not have an impairment or

combination of impairments that met or medically equaled one of the impairments set

forth in the Listings. (T at 15).

The ALJ determined that Plaintiff retained the residual functional capacity

("RFC") to perform light work, as defined in 20 CFR § 416.967 (b), with the following

limitations: he can never climb ladders, ropes or scaffolds; he can occasionally

balance, stoop, kneel, crouch, and crawl; he can perform only occasional overhead

reaching; he should avoid concentrated exposure to extreme cold, excessive vibration,

and workplace hazards; and he can perform simple to moderately complex, relatively

unskilled jobs. (T at 16).

The ALJ found that Plaintiff could not perform his past relevant work as a

delivery driver or shipping/receiving clerk. (T at 20). Considering Plaintiff's age (43

on the alleged onset date), education (limited), work experience, and residual

functional capacity, the ALJ determined that there were jobs that exist in significant

numbers in the national economy that Plaintiff can perform. (T at 20-22).  As such,

the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security

Act, between May 15, 2008 (the alleged onset date) and February 1, 2013 (the date of

the decision) and was therefore not entitled to benefits. (Tr. 22).  As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

**D.     Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  He offers three main arguments.  First, he contends that the ALJ did not properly weigh the medical opinion evidence.  Second, Plaintiff challenges the ALJ's credibility determination.  Third, he argues that the ALJ's step five analysis was flawed in several respects.  This Court will address each argument in turn.

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

# IV. ANALYSIS

**A.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In this case, the record contains several assessments from treating, examining, and non-examining sources.

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

1          **1.        Dr. Taylor**

2          In September of 2012, Dr. Kay Taylor, a treating physician, completed a

3    "checkbox" medical questionnaire, in which she opined that Plaintiff could not

4    perform any type of work on a reasonably continuous, sustained basis. (T at 352).

5          The ALJ gave little weight to Dr. Taylor's opinion. (T at 20). This Court finds

6    the ALJ's determination supported by substantial evidence.

7          First, Dr. Taylor's opinion was a "checkbox" form, without any supporting

8    explanation or details.  An ALJ is not obliged to accept a treating source opinion that

9    is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v.*

10   *Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d

11   947, 957 (9th Cir. 2002)).

12         Second, the ALJ outlined the medical evidence, including contemporaneous

13   treatment notes and MRI imaging results, which were inconsistent with Dr. Taylor's

14   assessment of extreme physical limitations. (T at 17-18).  The ALJ also found that Dr.

15   Taylor's opinion was largely based on Plaintiff's self-reports, which (as discussed

16   further below) the ALJ reasonably discounted.  The lack of medical support for a

17   physician's opinion based substantially on a claimant's subjective complaints of pain

18   is a legitimate reason for disregarding a treating physician's opinion. *Flaten v.*

19   *Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

20

Third, the ALJ found Dr. Taylor's opinion contradicted by the detailed findings of Dr. James Patrick Robinson, an examining physician. In January of 2011, Dr. Robinson conducted an examination and completed a report, in which he questioned the credibility of Plaintiff's complaints of neck and low back pain. (T at 188). He suspected that Plaintiff had a "chronic pain syndrome" that could not be "fully understood on the basis of any specific anatomic abnormality in his spine." (T at 189). Plaintiff's mental status was noted to be unremarkable and Dr. Robinson found no obvious cognitive dysfunction. (T at 188). The ALJ also relied on the assessment of Dr. Norman Staley, a non-examining State Agency review consultant, who concluded that Plaintiff could perform modified light work. (T at 250).

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Taylor's opinion, but it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

1    30 (9th Cir. 1987). Here, the ALJ's finding was supported by substantial evidence and

2    should be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding

3    that if evidence reasonably supports the Commissioner's decision, the reviewing court

4    must uphold the decision and may not substitute its own judgment).

5           **2.**       **Nurse Chet**

6          In August of 2010, Lumor Chet, a treating nurse practitioner, completed a

7    functional assessment.    Nurse Chet reported that Plaintiff's condition was

8    deteriorating, that he can stand for 1-2 hours in an 8-hour workday, sit for 1 hour in

9    an 8-hour workday, lift 10 pounds occasionally, and lift less than a pound frequently.

10   (T at 282).  Nurse Chet also assessed restrictions related to low back and neck pain,

11   as well as numbness of the legs and arms. (T at 283).

12         In evaluating a claim, the ALJ must consider evidence from the claimant's

13   medical sources. 20 C.F.R. §§ 404.1512, 416.912. Medical sources are divided into

14   two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Acceptable

15   medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502.

16   Medical sources classified as "not acceptable" (also known as "other sources") include

17   nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR

18   06-03p.  The opinion of an acceptable medical source is given more weight than an

19   "other source" opinion. 20 C.F.R. §§ 404.1527, 416.927.  For example, evidence from

20

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

1    "other sources" is not sufficient to establish a medically determinable impairment.

2    SSR 06-03p.  However, "other source" opinions must be evaluated on the basis of

3    their qualifications, whether their opinions are consistent with the record evidence, the

4    evidence provided in support of their opinions and whether the other source is "has a

5    specialty or area of expertise related to the individual's impairment." *See* SSR 06-03p,

6    20 CFR §§404.1513 (d), 416.913 (d).  The ALJ must give "germane reasons" before

7    discounting an "other source" opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.

8    1993).

9           The ALJ gave Nurse Chet's assessment little weight. (T at 20).  This Court finds

10   that the ALJ provided germane reasons for discounting Nurse Chet's opinion.  First,

11   the nurse practitioner's assessment is conclusory.  For example, Nurse Chet opined

12   that Plaintiff has postural and gross/fine motor restrictions, but did not specify the

13   nature or extent of those limitations. (T at 19-20, 283).  In addition, Nurse Chet's own

14   treatment notes contradicted the August 2010 assessment.  For example, a few weeks

15   before completing that assessment, Nurse Chet reported that Plaintiff could lift 10

16   pounds frequently and 30 pounds occasionally. (T at 20, 286).  Further, Nurse Chet's

17   opinion was contradicted by the assessments rendered by Dr. Robinson and Dr. Staley,

18   as discussed above.  In sum, the ALJ's decision to discount Nurse Chet's opinion

19   should be sustained.

20

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

### 3.        Dr. Kraft

Dr. Patricia Kraft, a non-examining State Agency review consultant, assessed moderate limitations with regard to Plaintiff's ability to understand and remember detailed instructions, maintain attention and concentration for extended periods, work in coordination with or proximity to others without being distracted by them, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, respond appropriately to changes in the work setting, and set realistic goals or make plans independently of others. (T at 244).

In the narrative portion of her report, Dr. Kraft noted that Plaintiff was capable of "more simple tasks" and would "do best" with only superficial contact with others in a stable work environment with clear goals and expectations. (T at 244).

The ALJ afforded some weight to Dr. Kraft's assessment.  In particular, the ALJ credited Dr. Kraft's conclusion that Plaintiff could perform simple tasks, but assigned limited relevance to her assessment that Plaintiff would "do best" with only superficial contact with others in a stable work environment with clear goals and expectations. (T at 20).  This Court finds no error with regard to this aspect of the ALJ's decision.

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

First, the ALJ was not obligated to accept Dr. Kraft's assessment as to what sort of work environment would be "best" for Plaintiff.  *See Valentine v. Social Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009).

Second, Dr. Roland Doughtery conducted a psychological consultative examination in June of 2011.  Dr. Doughtery noted that Plaintiff responded to questions with adequate understanding.  He opined that Plaintiff might have some difficulty with social relations, but was cooperative during the examination.  Dr. Dougherty found that Plaintiff should be able to understand, remember, and follow simple directions. (T at 209).  This is supportive of the ALJ's assessment of Plaintiff's mental residual functional capacity (simple to moderately complex, relatively unskilled jobs). (T at 16).  The ALJ reasonably gave more weight to the assessment of Dr. Doughtery, the consultative examining doctor, than the non-examining consultant physician (Dr. Kraft).

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9ᵗʰ Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9ᵗʰ Cir. 1993).

In this case, Plaintiff testified as follows: He lives alone, but cares for a dog. (T at 35). He does general housecleaning and cooking. (T at 35). He drives to the store and does grocery shopping one to three times per week. (T at 36-37). He makes necklaces for sale as costume jewelry. (T at 42-43). He is able to fix his father's lawnmower as necessary. (T at 44). Riding the lawnmower is painful, however. (T at 45). He experiences shaking and numbness on the right side of his body. (T at 47, 52-53). His pain is constant. (T at 50). He takes hydrocodone every 4 hours per his doctor's prescription. (T at 50). Walking is painful. (T at 50). He spends between one and three hours a day laying down. (T at 51). He has difficulty remembering appointments. (T at 51-52). He has a long-term girlfriend who comes over a couple times a week. (T at 53). He has a good relationship with his father and sees him most days. (T at 54). He helps his father with light housecleaning. (T at 55).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that his statements

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 17).

Although Plaintiff attacks the ALJ's credibility analysis and offers alternative readings of the evidence, this Court finds that the ALJ provided legally sufficient reasons for discounting Plaintiff's credibility.

First, Plaintiff stopped working for reasons other than the alleged disability. In particular, Plaintiff advised Dr. Doughtery that he lost his last job (in shipping) due to "cut back[s]." (T at 204). Before that, Plaintiff worked for more than a decade as a delivery driver and "did well until the business was sold." (T at 204). The fact that a claimant stopped working for reasons other than the alleged impairments is a valid reason for the ALJ to discount the claimant's credibility. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

Second, Plaintiff continued to work after the alleged onset of disability. For example, although he complained of memory problems related to a 2004 motorcycle accident, Plaintiff recovered from the accident and worked in shipping and receiving from 2006 to 2008. (T at 150-54, 187). Plaintiff told Dr. Robinson that he had not been able to work since May of 2010 (T at 187), two years after the alleged onset date. This inconsistency is a valid reason for discounting Plaintiff's credibility. *See Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988).

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

1    Lastly, the ALJ noted that Plaintiff's testimony is contradicted by the medical

2    evidence, including the treatment history, clinical findings, imaging studies, and

3    opinions provided by Dr. Doughtery, Dr. Robinson, and Dr. Staley.  Although lack of

4    supporting medical evidence cannot form the sole basis for discounting pain

5    testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v.*

6    *Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

7    Where, as here, substantial evidence supports the ALJ's credibility

8    determination, this Court may not overrule the Commissioner's interpretation even if

9    "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881

10   F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599

11   (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony

12   are functions solely of the [Commissioner].").

13   **C.    Step Five Analysis**

14   At step five of the sequential evaluation, the burden is on the Commissioner to

15   show that (1) the claimant can perform other substantial gainful activity and (2) a

16   "significant number of jobs exist in the national economy" which the claimant can

17   perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot

18   return to his previous job, the Commissioner must identify specific jobs existing in

19   substantial numbers in the national economy that the claimant can perform. See

20

*Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

In this case, Plaintiff challenges the ALJ's step five analysis. In particular, Plaintiff contends that the hypothetical was flawed because it did not incorporate all of his limitations. This argument is unavailing for the reasons outlined above. *See Hall v. Colvin*, No. CV-13-0043, 2014 U.S. Dist. LEXIS 45006, at *24-25 (E.D. Wash. Mar. 31, 2014)("A claimant fails to establish that a Step 5 determination is flawed by simply restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected.")(citing *Stubbs-Danielson*, 539 F.3d at 1175-76).

## V. CONCLUSION

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. The ALJ examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, this Court recommends that the Commissioner be GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment be DENIED.

Accordingly, **IT IS HEREBY RECOMMENDED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 13**, be **denied;**

Commissioner's motion for summary judgment, **Docket No. 17**, be **granted**; and that this case be closed.

The District Court Executive is directed to enter this Report and Recommendation and provide a copy to counsel and to the referring judge.

## VI. OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB

thereof. Such party shall file with the District Court Executive all written objections, specifically identifying the portions to which objection is being made, and the basis therefor. Attention is directed to Fed. R. Civ. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The district judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See 28 U.S.C.§ 636(b)(1)(B) and 8, Fed. R. Civ. P. 73, and LMR 4, Local Rules for the Eastern District of Washington. This magistrate judge's recommendation cannot be appealed to the Ninth Circuit Court of Appeals; only the district judge's final order or judgment can be appealed.

DATED this 14th day of December, 2015.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – FORCIER v COLVIN 14-CV-03110-VEB